UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Select Financial Services, LLC, | ) | C/A No.: 7:05-cv-2647-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Penland Financial Services, Inc., | ) | |
| Charles Penland and Penco, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court to resolve the multitude of motions filed since this the defendant filed for appeal on April 15, 2008. Defendant filed these motions *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

On April 15, 2008, the defendant filed a Notice of Appeal in this matter. Subsequent to this filing, the defendant filed a "Motion to Dismiss Fraud as Charged in Case #2647-GRA" and "Motion to Dismiss Due to Disability of Judge" filed on June 26, 2008. On July 22, 2008, this Court issued a stay on the proceedings until the Fourth Circuit ruled on the defendants appeal. Since the stay was ordered, the defendant has filed six additional motions. After reviewing the record in its entirety

the Court hereby dismisses all pending motions.

First, this Court is without jurisdiction to decide the defendant's Motion to Dismiss Fraud as Charged. Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." *Lytle v. Griffith*, 240 F.3d 404, 408, n.2 (4th Cir. 2001). When reviewing the record on the whole, it is clear that the defendant's motion to dismiss the fraud claim necessarily implicates numerous factual and legal issues that are on appeal as explained in this Court's July 22, 2008 Order staying the case. Accordingly, this motion is dismissed for lack of jurisdiction.

Second, the defendant argues that this case should be dismissed due to disability of the Judge. This motion is without merit. First, the defendant has provided no factual support for this proposition. Second, this Court is, and has been, more than capable to handle this matter. Accordingly, this motion is dismissed.

Finally, all motions filed after this Court issued its stay are dismissed. Inherent in the concept of a stay is that it freezes the case until a particular matter is resolved, in this case an appeal. Thus, all motions filed while the stay was in effect are invalid. Additionally, <u>if any of the parties continue to file motions while the stay is in effect, they may be subject to sanctions to the full extent allowed under the law.</u>

For the foregoing reasons, all outstanding motions submitted since April 15, 2008 are hereby DISMISSED.

IT IS SO ORDERED.

                                                        *G. Ross Anderson, Jr.*
                                                        G. ROSS ANDERSON, JR.
                                                        UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
March 5, 2009

## **NOTICE OF RIGHT TO APPEAL**

     Defendant is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.