UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Select Financial Services, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Penland Financial Services, Inc., )<br>Charles Penland, and Penco, Inc. )<br>)<br>Defendants. )<br>_____ ) | C/A No.: 7:05-cv-2647-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Defendant Charles Penland's Motion to Subpoena Witnesses ("Subpoena Motion") and Motion to Continue Hearing ("Continuance Motion"). For the reasons discussed herein, Defendant Penland's Subpoena Motion is DENIED and his Continuance Motion is DENIED.

**Background**

This civil case was filed over four years ago, on September 13, 2005. Although Defendant originally had an attorney in the initial stages of the civil action at issue, he long ago fired those attorneys and is now proceeding *pro se*.

During Defendant's civil case, this Court went out of its way to ensure Defendant was adequately heard and represented. In spite of this Court's efforts and patience, Defendant refused to participate in this civil action. Ultimately, this Court struck Defendant's answer and ordered that the trial proceed on the issue of damages.

On April 15, 2008, Defendant appealed this Court's order striking his answer. The United States Court of Appeals for the Fourth Circuit dismissed this appeal the following year. By September 21, 2009, the Fourth Circuit had dismissed all remaining appeals filed by Defendant. On September 23, 2009, the clerk's office sent a notice that this Court would hold a damages hearing on November 17, 2009, to finally resolve this case.

On October 19, 2009, Defendant filed numerous requests, including a request for a jury trial and a request to subpoena witnesses. However, the only potential witness Defendant named was already being produced by Plaintiff. On November 5, 2009, this Court rescheduled the damages hearing for December 1, 2009, to begin immediately after jury selection. This Court denied all of Defendant's other requests.

On November 13, 2009, Defendant filed two motions. The Subpoena Motion requests that this Court subpoena fifteen individuals that Defendant claims will help prove his innocence. The Continuance Motion asks this Court to delay the damages hearing in the interest of justice and so that Defendant may procure his witnesses.

## Discussion

Defendant is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

However, this Court's task is not to discern the unexpressed intent of the *pro se* litigant, but what the words in the filing mean. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). "[T]he principles requiring generous construction do have their limits. They do not require that the courts fashion out of whole cloth claims that are not squarely presented to them." *Spencer v. Hedges*, 838 F.2d 1210 (4th Cir. 1988) (unpublished) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

A. Defendant's Pending Appeals

Defendant has appealed this Court's November 5, 2009, order denying various claims. This Order was not a final disposition of this case. Section 1292 of Title 28 of the United States Code authorizes the circuit courts of appeal to take jurisdiction of appeals from interlocutory decisions of the district court. 28 U.S.C. § 1292(a). Section 1292, however, expressly states that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). Given the delays in this case, this Court will proceed as scheduled in this action.

B. Defendant's Subpoena Motion

Defendant requests this Court issue subpoenas to fifteen witnesses. The requested subpoenas are at present invalid for a number of reasons.

First, as other federal courts have noted, a litigant who seeks to serve a subpoena on a third-party must simultaneously tender the witness fees and the reasonably estimated mileage allowed by law with the service of the subpoena. *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983)). *See also Air Crash at Charlotte, N.C. on July 2, 1994*, 982 F. Supp. 1092, 1100 (D.S.C. 1997) (holding that a subpoena was invalid when counsel sent it without a mileage or witness fee check). In other words, "[f]ees must be tendered concurrently with subpoenas." *Badman*, 139 F.R.D. at 604 (citing *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989)). *See also Boring v. Kozakiewicz*, 833 F.2d 468, 473-475 (3rd Cir. 1987) (district court not required to pay for plaintiffs' expert medical witness); *Johnson v. Hubbard*, 698 F.2d 286, 289-291 & nn. 2-5 (6th Cir. 1983) (lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases). Hence, unless Defendant can pay the requisite costs, he will not be able to obtain subpoenas on third parties.

Second, many of the proposed witnesses are beyond the subpoena power of the Court. At least five of Defendant's fifteen proposed witnesses are from Connecticut and clearly not within 100 miles of this Court or any point within the District of South Carolina. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii), and (B)(iii). Third, at least three of Defendant's fifteen proposed witnesses have no addresses listed. It is not the duty of this Court to track down Defendant's proposed witnesses. *See,*

*e.g.*, *United States v. Gaither*, Nos. 99-4173 and 99-4174, 229 F.3d 1144 [Table], 2000 WL 1144596 (4th Cir., Aug. 14, 2000) (noting that a party failed to exercise due diligence when the addresses supplied for service of the subpoena was incorrect).

Should Defendant timely tender the appropriate fee concurrently with valid subpoena requests, this Court will have the clerk's office send signed subpoena forms to Defendant so that he may effectuate delivery. However, as this Court made clear in its Order dated November 5, 2009, this case will proceed December 1, 2009. Defendant has a long history of obstructing this litigation and attempting to thwart any attempts at a final resolution. This Court will not allow last-minute subpoena requests to further stall this case. Defendant has had four years to procure witnesses and draft compliant subpoena requests.

This Court would also like to remind Defendant, once again, that it will only hear from Defendant and his witnesses on the issue of the amount of damages. As this Court has made abundantly clear, once the Court struck Defendant's answer, he was placed in the same legal position as if he had filed no answer at all. As in a no-answer default judgment, Defendant is deemed to have admitted all of Plaintiff's allegations with respect to liability. *See* Fed. R. Civ. P. 8(b)(b)(6); Fed. R. Civ. P. (b)(2)(A)(iii); *Matter of Gober*, 100 F.3d 1195, 1204 (5th Cir. 1996); *Rackley v. Bd. of Trs. of Orangeburg Reg'l Hosp.*, 238 F. Supp. 512, 517-18 (D.S.C. 1965).

Defendant cannot now, after the Fourth Circuit denied his appeal, debate his liability. That window is forever closed.

C.     Defendant's Continuance Motion

Defendant requests this Court delay the damages hearing in the interest of justice and so that Defendant may procure his witnesses. Defendant also claims he has limited access to legal materials.

A district court is entitled to broad discretion with respect to a decision to deny a continuance. *United States v. Lawrence*, 161 F.3d 250, 254 (4th Cir.1998). Defendant has had more than four years to conduct research and procure witnesses. He has known since the Fourth Circuit denied his appeal more than six months ago that he should be ready to proceed to trial on the damages issue. Therefore, this Court will not postpone the damages hearing.

**Conclusion**

This Court wants to remind all parties to be ready to proceed with all remaining aspects of this case on December 1, 2009. There will be no further delays in this matter.

IT IS THEREFORE ORDERED that Defendant's Motion to Subpoena Witnesses is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Continue Hearing is DENIED.

**IT IS SO ORDERED.**

                                            */s/ G. Ross Anderson, Jr.*
                                            G. ROSS ANDERSON, JR.
                                            UNITED STATES DISTRICT JUDGE

November 18, 2009
Anderson, South Carolina